UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFERY WILLIAMS and
MARZEL WILLIAMS,

Plaintiff,

v. Case No. 26-cv-2101-bhl

MICHAEL FLIEHR et al.,

Defendants.

---

**NOTICE AND ORDER**

---

Plaintiff Jeffery Williams, who is currently serving a state prison sentence at the Stanley Correctional Institution, and his son Marzel Williams, who is currently incarcerated at the Outagamie County Jail, are representing themselves in this 42 U.S.C. §1983 action. Before assessing the filing fees due and screening the complaint, the Court will clarify for Plaintiffs some of the implications arising from their having brought their claims jointly in a single action. If after reviewing this decision, a Plaintiff no longer wishes to continue with this action, he must notify the Court in writing by **December 16, 2026** of his desire to withdraw. Any Plaintiff who withdraws from this action by the deadline will not be assessed the $350 statutory filing fee. Plaintiffs who do not withdraw by the deadline will be assessed the statutory filing fee regardless of how or at what stage their claims are resolved.

**1. Filing Fees**

The cost of filing a civil action in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. The $55.00 administrative fee does not apply to persons granted leave to proceed without prepaying the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. §1915(b)(1). Prisoner plaintiffs proceeding *in forma pauperis* will be required to pay that fee over time through monthly deductions from their prison trust account. *See* 28 U.S.C. §1915(b)(2). In a multiple plaintiff prisoner case, **each plaintiff is**

**required to pay a filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee").

Any Plaintiff unable to pay the $405 filing fee may file a Request to Proceed in District Court Without Prepayment of the Filing Fee together with a certified copy of his institutional trust account statement for the past six months. These forms are available at Plaintiffs' institutions. A Plaintiff's failure to submit either the $405 filing fee *or* a request and certified trust account statement by **December 16, 2026**, may result in the Court terminating that Plaintiff from this action without further notice. If a Plaintiff encounters challenges satisfying this requirement, he must notify the Court in writing before the deadline.

To be clear, if Marzel Williams does not notify the Court by **December 16, 2026** of his desire to withdraw from this action, he will be assessed the $350 statutory filing fee, which he will be required to pay via monthly deductions from his jail trust account. *See* 28 U.S.C. §1915(b)(1).

**2. Signatures**

Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. This requirement may be difficult and costly for Plaintiffs to comply with given that they are housed at different institutions. Plaintiffs are warned that, pursuant to Rule 11(a), the Court will strike any filing that is not signed by both of them.

**3. Screening, Sanctions, and Strikes**

After the above requirements have been satisfied and Plaintiffs have paid the filing fee or have been assessed and paid an initial partial filing fee, the Court will screen the complaint. *See* 28 U.S.C. §1915A. The Seventh Circuit has described the challenges that arise with group prisoner complaints. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). Complaints filed by multiple prisoners may proceed ***if*** the criteria for permissive joinder of parties and joinder of claims are satisfied. *See* Fed. R. Civ. P. 20, 18. Rule 20 allows plaintiffs to join together in one action if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." And Rule 18 allows properly joined plaintiffs to assert as many claims as they have against a single party. But "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, Plaintiffs should be aware that if they or some of

their claims are not properly joined in this action, the Court may sever their claims into separate actions (for which they will be required to pay additional filing fees) or may drop the improperly joined parties. *See* Fed. R. Civ. P 21.

Finally, each Plaintiff will be held legally responsible for knowing what is filed on his behalf. Thus, each Plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if sanctions are found to be warranted in any aspect of the case, even if a particular Plaintiff was not directly responsible for the sanctionable conduct. Further, every Plaintiff who was a prisoner when the complaint was filed will incur a "strike" if this action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that if either Plaintiff no longer wishes to continue with this action, he must notify the Court in writing by **December 16, 2026** of his desire to withdraw. A Plaintiff who withdraws by the deadline will *not* have to pay a filing fee. A Plaintiff who withdraws from this action may file a separate action pursuing these same claims. If a Plaintiff files a separate action, he will be required to pay the filing fee.

**IT IS FURTHER ORDERED** that if Marzel Williams wishes to proceed with this action, he must submit either the $405 filing fee *or* a request to proceed without prepaying the filing fee and a certified trust account statement by **December 16, 2026.** Failure to do so by the deadline may result in the Court terminating him from this action without further notice. If he encounters challenges satisfying this requirement, he must notify the Court in writing before the deadline. **Any Plaintiff who does not withdraw from this action by December 16, 2026 will be assessed the $350 statutory filing fee.**

Dated at Milwaukee, Wisconsin this 16th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge